**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOHAMMAD WALYAT KHAN,

Petitioner,

v. No. 1:26-cv-02042-MLG-DLM

WARDEN, Cibola County Correctional Center;
TODD M. LYONS, Acting Director of ICE;
MARKWAYNE MULLIN, Secretary of DHS;
MARY DE ANDA-YBARRA, El Paso Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on pro se Petitioner Mohammad Walyat Khan's petition for writ of habeas corpus ("Petition"), Doc. 1. Walyat Khan, a citizen of South Africa, was released on his own recognizance after establishing a reasonable possibility of future persecution based on his religious beliefs. Doc. 1 at 6, 10, 13-14. Despite complying with the conditions of his parole, Walyat Khan was re-detained by Immigration and Customs Enforcement ("ICE") officers without notice or a pre-deprivation hearing prior to his re-detention. *Id.* at 6, 10. Walyat Khan argues that "[n]o circumstances have changed since [his] initial release or violation on [his] part that could justify [his] redetention." *Id.* at 10.

Federal Respondents[1] argue that Walyat Khan's detention is justified because he "is correctly classified as an 'applicant for admission' under Section 1225(b)(2)(A) based on the plain language of that statute." Doc. 6 ("Response") at 1-2. The Tenth Circuit Court of Appeals has expressly rejected Federal Respondents' interpretation of § 1225(b)(2)(A). *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239 (10th Cir. 2026) ("The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border."). Federal Respondents do not contend that Walyat Khan was re-detained at the border. *See* Doc. 6. Additionally, because Walyat Khan was released on his own recognizance, a form of parole authorized by § 1226(a), his detention cannot be governed by § 1225(b). *See, e.g.*, *Diallo v. Orozco*, No. 2:26-cv-00066, 2026 WL 608746, at *2 (D.N.M. Mar. 4, 2026) (concluding that a petitioner who had been released on his own recognizance was necessarily subject to § 1226(a)); *Ramirez-Gavilan v. Collins*, No. 1:25-CV-2052-RP, 2026 WL 274705, at *5 (W.D. Tex. Jan. 17, 2026) ("[T]he government has already treated Petitioner as subject to § 1226 when they paroled him under that provision—a form of parole that would not have been possible if he was being detained subject to § 1225. That alone would be sufficient to say that Petitioner is wrongfully detained under § 1225 now."). Accordingly, the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Walyat Khan's detention.[2]

---

[1] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of the Cibola County Correctional Center.

[2] As the Tenth Circuit observed, "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Santillan Quiroz*, 180 F.4th at 1237 n.6. They may also be subject to mandatory detention under § 1226(c). Federal Respondents do not argue that either of those provisions are applicable here.

The Response fails to address Walyat Khan's argument that he is entitled to immediate release because his re-detention without a pre-deprivation hearing is a violation of his due process rights. Doc. 1 at 6-7, 10. The Court agrees that Walyat Khan's re-detention without a pre-deprivation hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See, e.g.*, *Diallo*, 2026 WL 608746, at *3-4 (employing the *Mathews v. Eldridge*[3] balancing test and holding that failure to provide a pre-deprivation hearing to a petitioner initially released on his own recognizance pursuant to § 1226(a)(2) constitutes a due process violation). As in *Diallo*, the Court concludes that due process demands that Walyat Khan receive a pre-deprivation hearing because (1) Walyat Khan has a clear liberty interest in remaining out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that Walyat Khan was re-detained before federal Respondents presented any valid legal basis to justify his civil detention; and (3) federal Respondents' interest in detaining Walyat Khan is low because they previously determined that he is neither a flight risk nor a danger to the community, and the cost of a pre-deprivation hearing is minimal. *See id.*; *see also Pablo Sequen*, 806 F. Supp. 3d at 1082-90.

The Court turns now to the question of remedy. In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). The Court concludes immediate release is the appropriate remedy in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive]

---

[3] 424 U.S. 319, 335 (1976).

detention is, of course, release."); *see also Sosa v. De Azbarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than forty-eight hours from this Order's filing) Walyat Khan from custody.
2. Upon Walyat Khan's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA